OPINION
{¶ 1} Appellant, Shirley J. Hazen ("Hazen"), appeals from various judgment entries of the Ashtabula Common Pleas Court that denied her claim to adverse possession and awarded attorneys fees to appellees. On review, we reverse the judgments of the trial court and remand for further proceedings.
 {¶ 2} The plaintiffs, Robert J. King, Patricia A. King, Stanley Poje, Mark A. Latimer, Eugene A. Zappitelli, and Deborah A. Zappitelli (collectively referred to as "appellees"), initiated this lawsuit in 2002 to obtain injunctive relief against Hazen for allegedly encroaching on the common area of their development. The trial court summarized the operative facts as follows:
 {¶ 3} "The [appellees] in this action are owners of real property in the Longpoint Subdivision in the City of Conneaut. The Subdivision plat was recorded in the Ashtabula County Records in 1927. [Appellees] brought this action because of a perceived encroachment upon the common area reserved for all of the residential lot owners, which is located immediately north of [Hazen's] lot. [Hazen] attempted to install a deck and handicap ramp immediately north of her property onto what [appellees] claim is the common area. [Hazen] claims that she has acquired title to a portion of the common area through adverse possession and occupancy and that of her predecessor in title, Elizabeth Fox."
 {¶ 4} In August 1995, Hazen bought a parcel known as 25 B Drive in the Longpoint Subdivision in Conneaut, Ohio. She purchased it from Elizabeth A. Fox, who had owned the parcel since June 1978. The parcel was lakefront property. Between her parcel and the embankment rising up from Lake Erie was a twenty-seven foot strip of land dedicated to recreational use in the 1927 plat. Hazen asserted that she had title by adverse possession to a strip of land twenty-seven feet by seventy-five feet, equal to the portion of the recreational strip of land in front of her property.
 {¶ 5} During the time that Elizabeth A. Fox owned the property, she and her husband used the property as their summer home. They made use of two maple trees that had been planted on the recreational strip by installing a hammock between the trees. They also maintained the portion of the recreational strip in front of their property during the time they owned the property.
 {¶ 6} After Hazen purchased the property in 1995, she and her husband likewise maintained that portion of the recreational strip in front of their property. They also used the area for entertaining and picnicking during the summer months.
 {¶ 7} In June 2001, Hazen submitted a zoning permit application to the city of Conneaut requesting permission to build a deck and handicap ramp. The application clearly showed that the deck and handicap ramp would intrude upon the recreational strip of land. The city took no action on this application, because Hazen could not show ownership in the recreational strip of land.
 {¶ 8} In May 2002, Hazen again applied for permission to build a deck structure. Enclosed with the application was a legal opinion from her attorney, Attorney Thayer, to the effect that Hazen that had acquired ownership of the subject property by virtue of adverse possession. The application was granted on May 10, 2002.
 {¶ 9} Hazen commenced construction of the deck on May 20, 2002.
 {¶ 10} On May 24, 2002, appellees filed the instant suit to permanently enjoin her from constructing the deck. The suit also asked for damages caused to them as a result of Hazen's actions. On the same day, the trial court issued a temporary restraining order to halt construction of the deck.
 {¶ 11} On June 6, 2002, the trial court conducted a hearing on appellees' motion for a preliminary injunction, but continued the hearing until further notice. It kept the temporary restraining order in effect until further notice.
 {¶ 12} On June 18, 2002, the city of Conneaut revoked its prior permission to construct the deck. Hazen appealed the city's revocation to the zoning board of appeals. Appellees then withdrew their motions for a temporary restraining order and preliminary injunction inasmuch as Hazen no longer had permission from the city to build the deck.
 {¶ 13} Motions for summary judgment were filed by appellees and by Hazen. The motions took opposing views on whether Hazen was entitled to claim title to the strip of land in front of her house by adverse possession.
 {¶ 14} The trial court did not set a formal hearing date. Instead, in a judgment entry dated April 16, 2003, the court stated:
 {¶ 15} "[T]he trial scheduled for Thursday, April 17, 2003 at 9:00 a.m. is converted to a Pretrial Conference at which time the parties' counsel will have an opportunity to provide an oral argument on Plaintiffs' Motion for Summary Judgment previously filed in this matter and other matters pending before the Court."
 {¶ 16} Appellees' motion for summary judgment had been filed on March 13, 2003; and Hazen's motion for summary judgment had been filed on April 9, 2003. There is nothing in the record to indicate that a hearing of any kind took place on April 17, 2003.
 {¶ 17} Appellees argued in their motion for summary judgment that Hazen and her predecessor in title used the lakefront home during the summer months, and, therefore, they could not have been in "possession" of the recreational strip during the months they did not reside there. Moreover, their residence during the summer months means that their occupancy of the property was not "continuous," because it did not encompass twelve months of the year. Finally, appellees asserted that they made substantial improvements to the recreational strip of land and the beach in front of the strip of land. This included the dumping of yards of dirt to prevent erosion, the erection of a seawall on the beach, trenching, and the installation of drain tile. In support of their arguments, appellees provided copies of deposition testimony from Vincent Fox (the husband of Hazen's predecessor in title), Stanley Poje and Robert J. King, who testified concerning the erosion control efforts, and William Johnston, Conneaut building inspector, who testified concerning Hazen's permit application process.
 {¶ 18} In support of Hazen's motions for summary judgment, she offered a deposition and an affidavit of Vincent Fox, the husband of the previous owner. Though the record reflects that Hazen did not herself offer any affidavits in support of her motion for summary judgment as to her use of the property until after the trial court had granted appellees' motion for summary judgment, there are documents in the record, preceding the filing of her motion for summary judgment, that assert that she had a valid claim for adverse possession and that satisfy the documentary requirements of Civ.R. 56(C). Such documents include Hazen's affidavit, dated July 15, 2002 and attached to a motion to vacate the temporary restraining order, wherein she asserted a "claim of adverse possession" and claimed her use of the disputed property was "exclusive;" the June 13, 2002 affidavit of Margaret Thayer, the realtor who sold Hazen's property to her, to the effect that Hazen and the prior owners exercised "all of the incidents of ownership" over the subject property; and finally, pleadings filed by Hazen, specifically, paragraph nine of her answer, where she avers she has a claim for adverse possession, and paragraph four of her counterclaim ("[t]hat [Hazen] and her predecessors entitle [sic] have used said property and claimed the same as their own open and adverse to all others for a period in excess of 21 years and have acquired ownership of the same by adverse possession").
 {¶ 19} Fox's deposition testimony was to the effect that, during his wife's 17 years of ownership, she and he treated the recreational strip of land as their own. Fox also testified that his wife planted flowers and shrubbery in the recreational strip of land.
 {¶ 20} On June 13, 2003, the trial court granted appellees' motion for summary judgment and overruled Hazen's motion for summary judgment. In its ruling, the trial court relied on the 1998 decision of the Supreme Court of Ohio entitled Grace v.Koch, which established that one who seeks title by adverse possession has the burden to prove such by clear and convincing evidence.[1]
 {¶ 21} Following the entry of summary judgment, appellees filed a motion for attorney fees incurred in connection with the prosecution of their case from May 2002 through July 17, 2003.
 {¶ 22} On June 26, 2003, Hazen appealed the judgment entering summary judgment in favor of appellees to this court. The case was assigned case No. 2003-A0-081 in this court. This appeal was dismissed at the request of Hazen on October 24, 2003.
 {¶ 23} Hazen filed a motion for reconsideration and a supplemental motion for reconsideration regarding the summary judgment entry, two separate motions to vacate the entry of summary judgment, a motion to view the premises, and a motion dismiss appellees' damages claim. The motion for reconsideration and the supplemental motion for reconsideration, as well as one of the motions to vacate judgment, were filed during the pendency of Hazen's appeal. The trial court overruled all of these motions following the dismissal of Hazen's appeal.
 {¶ 24} Appellees, in turn, filed a motion to have Hazen show cause why she should not be held in contempt for failure to comply with the trial court's order of summary judgment. This motion and appellees' motion for attorney fees were heard by the trial court on December 10, 2003. On that same date, the attorney for appellees advised the trial court that appellees would be dismissing their damages claim, though a formal notice of dismissal of the damages claim was not filed.
 {¶ 25} On January 28, 2004, the trial court found Hazen in contempt for her failure to remove the deck structure from her premises. She was given until March 1, 2004 to purge herself of contempt by removing the deck. The trial court also awarded appellees their attorney fees and expenses in the amount of $8,734.24. It cited the case of Homes by Calkins, Inc. v.Fisher for the proposition that "[l]egal fees may be recovered if the trier of fact determines that the fees are the legal consequences of the original wrongful act."[2]
 {¶ 26} Following the judgment entry of January 28, 2004, Hazen filed a motion for a new trial and another motion for relief from judgment. Appellees filed a motion for hearing due to Hazen's failure to purge herself of contempt. These motions were heard by the trial court on April 14, 2004. The attorney for appellees again advised the trial court on that date that they had dismissed their damages claim, though, as stated above, a formal notice of the dismissal of the damages claim was not filed.
 {¶ 27} On April 29, 2004, appellees filed a second motion for attorney fees.
 {¶ 28} On May 7, 2004, the trial court overruled Hazen's motions for a new trial and for relief from judgment. It also found that Hazen had failed to purge herself of contempt.
 {¶ 29} On May 20, 2004, Hazen then filed another appeal to this court, appealing from the judgment entries of June 13, 2003, January 28, 2004, and May 7, 2004. This appeal was assigned case No. 2004-A-0035 in this court.
 {¶ 30} On June 23, 2004, Hazen also filed another motion for relief from the judgment of May 7, 2004, together with a motion to dismiss the contempt citation.
 {¶ 31} On January 28, 2005, this court remanded the matter to the trial court for clarification as to whether the judgment entries of June 13, 2003, January 28, 2004, and May 7, 2004 were intended to be final, appealable orders.
 {¶ 32} On March 9, 2005, the trial court entered a judgment entry that all prior judgment entries were not intended to be final orders.
 {¶ 33} On March 31, 2005, this court dismissed case No. 2004-A-0035 for lack of a final, appealable order.[3]
 {¶ 34} On April 6, 2005, the trial court overruled Hazen's motion for relief from judgment and denied appellees' motion for additional attorney fees. It also found that Hazen had removed the deck structure and had purged herself of contempt. The trial court recited that this judgment entry was a final, appealable order.
 {¶ 35} On May 3, 2005, Hazen filed the instant appeal to this court. The notice of appeal indicated that Hazen was appealing from the judgment entries dated June 13, 2003, January 28, 2004, May 7, 2004, and April 6, 2005. The judgment entry of June 13, 2003 entered summary judgment in favor of appellees and overruled Hazen's motions for summary judgment. The judgment entry of January 28, 2004 overruled various motions filed by Hazen, found her to be in contempt, and awarded attorney fees in the amount of $8,734.24 to appellees. The judgment entry of May 7, 2004 overruled various motions filed by Hazen and found that Hazen had failed to purge herself of contempt. The judgment entry of April 6, 2005 found that Hazen had purged herself of contempt and declined to award additional attorney fees to appellees.
 {¶ 36} On September 16, 2005, for the purpose of determining the finality of the trial court's orders, this court remanded this matter to the trial court to clarify whether it intended to further consider or award damages to appellees.
 {¶ 37} On October 28, 2005, the trial court entered a judgment entry to the effect that no further damages will be awarded to the appellees and there was no just reason for delay.
 {¶ 38} Hazen has raised the following six assignments of error in this court:
 {¶ 39} "[1.] The trial court erred to the prejudice of defendant-appellant by granting summary judgments [sic] to plaintiffs herein.
 {¶ 40} "[2.] The trial court erred to the prejudice of defendant-appellant by overruling defendant's motion for summary judgment at the time he granted summary judgment to plaintiffs.
 {¶ 41} "[3.] The trial court committed reversible error by not viewing the premises as requested by the defendant.
 {¶ 42} "[4.] The trial court committed reversible error in its abuse of discretion in determining plaintiffs were entitled to attorney fees and finding defendant's action as `wrongful.'
 {¶ 43} "[5.] The trial court committed error in failing to grant relief under Rule 60(B).
 {¶ 44} "[6.] The trial court erred to the prejudice of defendant by granting summary judgment on June 13, 2003 without giving defendant and her witnesses an opportunity to testify and present any evidence."
 {¶ 45} In the body of Hazen's brief, the fifth assignment of error is denominated thusly:
 {¶ 46} "[5.] The trial court committed reversible and prejudicial error and abuse in discretion by determining plaintiffs suffered any damages whatsoever."
 {¶ 47} This latter "fifth assignment of error" is argued separately in the body of Hazen's brief, and will, therefore, be considered. The former "fifth assignment of error," which asserted that the trial court committed error by failing to grant her motion for relief from judgment, is not separately argued in her brief, and will, therefore, be disregarded.[4]
 {¶ 48} The first, second, and sixth assignments of error all deal with whether the trial court should have granted summary judgment and will be dealt with together.
 {¶ 49} Our standard of review following the entry of summary judgment is de novo.[5]
 {¶ 50} Summary judgment is proper where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.[6] The court shall consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any."[7] Further, the party seeking summary judgment must point specifically to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims.[8] In response, the nonmoving party must set forth specific facts that demonstrate that there is a genuine issue of material fact to be tried. The nonmoving party may not rest upon bare allegations or conclusory statements in his complaint.[9]
 {¶ 51} An additional consideration regarding summary judgment is that in considering whether to grant a motion for summary judgment, the trial court may not weigh the evidence and thereby enter summary judgment to the party with the stronger case: "such weighing of evidence is inappropriate in the summary judgment arena."[10]
 {¶ 52} The order of June 13, 2003, entering summary judgment in favor of appellees, was not a final order, inasmuch as the issue of damages had not yet been resolved.[11] Hazen's appeal of that order on June 26, 2003 was, therefore, premature. On two occasions, in 2003 and 2004, the attorney for appellees advised the trial court that the damages claim was being dismissed, but no formal entry appears in the record until October 28, 2005. It was on that latter date, and after the instant appeal had been filed that, pursuant to this court's order of remand, the trial court stated that no additional damages claims (beyond the award of attorney fees) were to be considered. The matter of damages having been clarified by the trial court, this court stated that the jurisdictional issue regarding a final order had been resolved. Through this exercise, this court has determined that the order of April 6, 2005 was a final order, and, therefore, the order entering summary judgment became reviewable at that time.
 {¶ 53} We find that the judgment entry of the trial court entering summary judgment in favor of appellees is erroneous for four reasons: (1) the setting of the hearing date to hear only appellees' motion for summary judgment is problematic; (2) the trial court's reliance on the burden of proof by clear and convincing evidence to consider a motion for summary judgment was erroneous; (3) the trial court's finding that "continuous" use of property for purposes of adverse possession meant that the owner had to reside in the property for twelve months a year was erroneous; and (4) Hazen presented a genuine issue of material fact in her motion for summary judgment that required that appellees' motion for summary judgment be denied.
 {¶ 54} With respect to setting a hearing date for a motion for summary judgment, the Fourth Appellate District has stated:
 {¶ 55} "Although Civ.R. 56 makes reference to a hearing, the rule does not require an oral hearing on every motion for summary judgment. * * * Rather, the hearing contemplated by Civ.R. 56 may involve as little as the submission of memoranda and evidentiary materials for the court's consideration. * * * If a party desires an oral hearing on a motion for summary judgment, the party must request such a hearing."[12]
 {¶ 56} The Supreme Court of Ohio has stated that notice of the hearing date or the date of submission of materials for the trial court to consider must come from either a local rule or from the trial court itself:
 {¶ 57} "The specific point of disagreement among this state's appellate courts is whether a local rule of court can provide notice to the parties of the hearing date or date of submission. If notice cannot come from a local rule, then the trial court must provide notice of the hearing date in some form so that all affidavits are filed and served by the day before that date, or at least provide a deadline date when all memoranda and Civ.R. 56 material must be submitted. See Civ.R. 56(C). The day after that date effectively becomes the earliest possible hearing date in that circumstance, subject to Civ.R. 56(C)'s requirement that at least 14 days have elapsed after the motion is served."[13]
 {¶ 58} In this case, Hazen did not specifically request a hearing date for her motion for summary judgment. Her motion was filed on April 9, 2003. However, the April 16, 2003 notice of hearing stated that only appellees' motion for summary judgment would be heard the next day. The record does not show that there existed any local rule in Ashtabula County to govern notice regarding motions for summary judgment hearings. Even assuming a hearing of some kind took place at the pretrial conference set for April 17, 2003, the trial court never set Hazen's motion for summary judgment for hearing, either oral or non-oral. Further, even if we construed the "other matters" to be considered at the hearing set for April 17, 2003 to include Hazen's motion for summary judgment, the consideration of her motion on that date would have been improper, because fourteen days had not elapsed since service of her motion for summary judgment. The earliest date upon which the trial court could have heard Hazen's motion would have been April 23, 2003, since that is fourteen days after the motion was filed, but no such hearing date was set on or after April 23, 2003. However, the trial court granted appellees' motion for summary judgment on June 13, 2003 and overruled Hazen's motion for summary judgment that same day. It was erroneous to do so without notifying Hazen that her motion was to be heard on or after April 23, 2003.
 {¶ 59} Next, the trial court relied upon the standard of clear and convincing evidence in support of its decision to grant appellees' motion for summary judgment. Thus, the syllabus in the case of Grace v. Koch reads as follows: "[t]o acquire by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years."[14]
However, in the Koch case the Supreme Court of Ohio was establishing the burden of proof to be satisfied at the trial on the merits, not the summary judgment exercise. When the trial court in this case stated, in its judgment entry dated June 13, 2003, that Hazen had not established her claim for adverse possession because she had not satisfied the burden of proof adopted in the Koch case, it was improperly weighing the evidence in a summary judgment exercise. Civ.R. 56 merely requires that the trial court determine whether there are any genuine issues of material fact to be tried, not whether one party or the other will satisfy its burden of proof when the case eventually comes to trial.
 {¶ 60} Next, the trial court cited to the fact that the Foxes (Hazen's predecessor in title) occupied the lakefront cottage only from Memorial Day to Labor Day of each year and concluded from that fact that this was not "continuous" use. We disagree.
 {¶ 61} "It is not necessary, however, that plaintiff show she actually occupied the land continuously unless that is the kind of use that would be expected of such land. An adverse possessor need only establish an occupation or use of the land that would be made by an owner of the same type of land, taking into account the uses for which the land is suited."[15]
 {¶ 62} Further, the Court of Appeals of New York has stated that the adverse possession claimant need not be physically present at all times to satisfy the "continuity" element of adverse possession:
 {¶ 63} "[T]he hostile claimant's actual possession of the property need not be constant to satisfy the `continuity' element of the claim * * *. Rather, the requirement of continuous possession is satisfied when the adverse claimant's acts of possessing the property, including periods during which the claimant exercises dominion and control over the premises or is physically present on the land * * * are consistent with acts of possession that ordinary owners of like properties would undertake[.]"[16]
 {¶ 64} Hazen's property was vacation property. Thus, by its nature, it would only be occupied during the months of the year that lend themselves to vacations. The fact that the Foxes and the Hazens were not physically present on the property during twelve months of the year does not defeat their continuous use for purposes of adverse possession.
 {¶ 65} Finally, the trial court found that Vincent Fox's deposition testimony did not present any genuine issue of material fact:
 {¶ 66} "Vince Fox's deposition testimony did not establish exclusive, open, notorious, continuous, or adverse use of the property during the period of their occupancy, which was for five months of the year. Planting flowers or placing a picnic table or a hammock on the Subdivision's land was not sufficient under the holding of Grace v. Koch."
 {¶ 67} The trial court did not make reference to any documents presented by Hazen other than the deposition of Vincent Fox. However, Hazen's own affidavit dated July 15, 2002, and that of Margaret Thayer dated June 13, 2002, as well as the allegations from the pleadings filed by her, raise a genuine issue of material fact with regard to her claim for adverse possession.
 {¶ 68} Further, as stated above, the trial court was weighing the evidence in arriving at the conclusion that there were no genuine issues of material fact and that appellees were entitled to summary judgment as a matter of law. In reviewing the evidence de novo, this court is not in a position to say how exclusive is exclusive, how open is open, how notorious is notorious, how continuous is continuous, and how adverse is adverse. It does appear to this court that the deposition testimony of Vincent Fox and Hazen's other supporting documents in the record at least created a genuine issue of material fact to be tried. Whether Hazen will satisfy her burden of proof and establish that all the elements of adverse possession have been satisfied are matters for the trial court to determine at a hearing on the merits of her case. We also believe that the trial court was influenced to enter summary judgment in favor of appellees, because of Hazen's five-month occupancy of the property, which we have already discussed above and found to be erroneous.
 {¶ 69} The first, second, and sixth assignments of error are with merit.
 {¶ 70} Hazen's third assignment of error argues that the trial court erred by not viewing the premises, as requested by Hazen in a motion filed by her. Hazen offers no citation of authority for the requirement of a trial court to view a premises when moved to do so. However, this court has previously cited to the general rule regarding viewing the premises, and held that the decision rests within the trial court's discretion:
 {¶ 71} "The general rule is that the granting or denying of an order for a view of the premises rests in the sound discretion of the Court both in criminal and civil cases. * * * A view should not be granted unless it appears to be reasonably certain or the court is satisfied that it will be of some aid to the jury in reaching their verdict, and it is distinctly impracticable and inefficient to present the material elements to them by photographs, diagrams, maps, measurements, and the like."[17]
 {¶ 72} Thus, we conclude that the trial court did not err in refusing to view the premises when moved to do so by Hazen.
 {¶ 73} The third assignment of error is without merit.
 {¶ 74} Hazen's fourth assignment of error argues that appellees should not have been awarded attorney fees due to a wrongful act of Hazen.
 {¶ 75} In its judgment entry dated January 28, 2004, the trial court awarded appellees the sum of $8,734.24 due to the "failure of [Hazen] to remove the deck that was constructed on her cottage in violation of the Long Point Subdivision regulations." The trial court also determined that Hazen was in contempt of court for failure to remove the structure pursuant to the trial court's order of June 13, 2003. The trial court was also critical of Hazen's counsel for not having researched the applicable law governing adverse possession and determined that the case of Grace v. Koch would make her case "extremely difficult at best to prove."
 {¶ 76} "Generally, each party to an action is responsible for its own attorney fees incurred as a result of the litigation. * * * However, this general rule, known as the `American Rule,' does not operate to preclude such recovery in all circumstances. Attorney fees may be recovered:
 {¶ 77} "`* * * (W)here the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expense to protect his interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages.'"[18]
 {¶ 78} A reviewing court will not disturb the awarding of attorney fees absent an abuse of discretion.[19]
 {¶ 79} In this case, the trial court made it clear that it was awarding attorney fees to appellees because of Hazen's failure to remove the deck structure, and not because she was found to be in contempt of court nor because her attorney was pursuing a frivolous claim.
 {¶ 80} Subsequent to Hazen's being found in contempt, she did remove the deck structure in order to purge herself of contempt.
 {¶ 81} Because of our analysis of the first, second, and sixth assignments of error, this matter is being remanded to the trial court for further adjudication. It follows, therefore, that the award of attorney fees was based on a "wrongful act" that may turn out not to have been "wrongful," should Hazen prevail on her claim for adverse possession. We must, therefore, reverse the order awarding attorney fees, because it depends upon the ultimate issue in this matter, which issue has yet to be decided. However, now that the deck has been removed pursuant to the trial court's orders, and assuming it does not reappear during the pendency of this litigation, we see no reason to impose attorney fees against Hazen now that the "wrongful act" has been remediated.
 {¶ 82} Hazen's fourth assignment of error is with merit.
 {¶ 83} Hazen's fifth assignment of error argues that appellees suffered no damages whatsoever as a result of Hazen's actions.
 {¶ 84} Hazen's argument that appellees are not entitled to damages has been mooted by the trial court's judgment entry of October 28, 2005, which reads in pertinent part: "this Court has no intention of awarding any additional damages to the Plaintiffs other than their attorney fees and costs."
 {¶ 85} Therefore, the fifth assignment of error is moot.
 {¶ 86} The judgment entries dated June 13, 2003 and January 28, 2004 are reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion. Further, to the extent that the judgment entry of May 7, 2004 finds that Hazen is in contempt of the trial court's prior orders, it is reversed.
Ford, P.J., concurs.
O'Toole, J., concurs in judgment only.
[1] Grace v. Koch (1998), 81 Ohio St.3d 577, syllabus.
[2] Homes by Calkins, Inc. v. Fisher (1993),92 Ohio App.3d 262, 273.
[3] King v. Hazen, 11th Dist. No. 2004-A-0035,2005-Ohio-1577.
[4] See App.R. 12, 16(A)(7), and State v. Chilcutt, 3d Dist. Nos. 3-03-16 and 3-03-17, 2003-Ohio-6705, at ¶ 8.
[5] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[6] Civ.R. 56(C).
[7] Id.
[8] Dresher v. Burt (1996), 75 Ohio St.3d 280, 292.
[9] Smith v. L.J. Lewis Ents., Inc., d.b.a. Action EmergencyAmbulance (Sept. 28, 2001), 11th Dist. No. 2000-T-0052, 2001 Ohio App. LEXIS 4413, at *13, quoting Civ.R. 56(E).
[10] State v. 1805 Wertz Avenue, S.W. Canton, Ohio and $445.00in U.S. Currency (June 2, 1997), 5th Dist. No. 1996CA00288, 1997 Ohio App. LEXIS 3272, at *7.
[11] State ex rel. White v. Cuyahoga Metro. Hous. Auth.
(1997), 79 Ohio St.3d 543, 546.
[12] (Internal citations omitted.) Barstow v. Waller, 4th Dist. No. 04CA5, 2004-Ohio-5746, at ¶ 51.
[13] Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, at ¶ 24.
[14] Grace v. Koch, 81 Ohio St.3d 577, syllabus.
[15] Allison v. Shepherd (1979), 285 Ore. 447, 451-452,591 P.2d 735, 738.
[16] (Citations omitted.) Ray v. Beacon Hudson Mt. Corp.
(1996), 88 N.Y.2d 154, 159-160, 666 N.E.2d 532, 535.
[17] State v. Taylor (June 23, 1975), 11th Dist. No. 5-136, 1975 Ohio App. LEXIS 7763, at *2-3.
[18] (Citations omitted.) S D Mech. Contrs. v. Enting WaterConditioning Sys., Inc. (1991), 71 Ohio App.3d 228, 241.
[19] Smith v. Padgett (1987), 32 Ohio St.3d 344, 349.