REVIEW
Appellant, Michael G. Visnich ("appellant"), appeals a decision of the Trumbull County Court of Common Pleas Probate Division. The probate court found appellant owed The Estate of Doris E. Visnich $14,400 for rent and $400 for a vehicle retained by appellant. The court also terminated the testamentary trust of Doris E. Visnich for the benefit of appellant's sister, Deborah E. Kennedy.
Doris E. Visnich, the mother of appellant, died on July 8, 2001. Ms. Visnich left a will which was admitted to probate by the probate court. The will established a testamentary trust for the benefit of her daughter, Deborah E. Kennedy. Ms. Visnich designated appellant as the trustee of this testamentary trust. The probate court appointed appellee, Michael D. Rossi, Esq., as Administrator WWA of the estate on May 7, 2002. For reasons not included in the record, there is considerable correspondence from Deborah E. Kennedy and her brother James Kennedy indicating a lack of a trustworthy relationship with appellant, their sibling.
Following Ms. Visnich's death in July 2001, appellant resided at Ms. Visnich's home at 159 Howland Wilson Road for a disputed period of time. Appellant did not pay rent during this time. Appellant maintains that he expended considerable funds in maintaining and repairing the home during his occupancy. Despite appellee's repeated demands to appellant's legal counsel, appellant failed to pay rent or return the keys to this residence as requested. On July 6, 2004, appellee provided appellant with a notice to leave the premises pursuant to R.C. 1923.04 as a result of his continued occupation of the premises at 159 Howland Wilson Road.
On March 14, 2005, appellee filed an application to determine certain questions. One of those questions was whether the rental value for 159 Howland Wilson Road in the amount of $14,400 should be offset against appellant's final distributive share of the estate. Appellee also requested a determination that someone other than appellant be appointed as trustee of the testamentary trust for Ms. Kennedy.
Appellant timely appeals and asserts the following assignments of error:
"[1.] THE PROBATE COURT ERRED AS A MATTER OF LAW BY CONSIDERING FACTS OUTSIDE OF THE RECORD.
"[2.] THE PROBATE COURT'S ORDER THAT APPELLANT OWES THE ESTATE $14,400.00 [sic] IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"[3.] THE PROBATE COURT'S ORDER THAT APPELLANT OWES THE ESTATE RENT AT A RATE OF FOUR HUNDRED DOLLARS PER MONTH IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"[4.] THE PROBATE COURT ABUSED ITS DISCRETION BY ADMITTING ESTATE EXHIBIT NO. 3 TO THE PREJUDICE OF APPELLANT.
"[5.] THE PROBATE COURT'S ORDER THAT APPELLANT OWES THE ESTATE FOUR HUNDRED DOLLARS FOR THE 1986 CHEVROLET VAN IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"[6.] THE PROBATE COURT ERRED BY FAILING TO GRANT APPELLANT CREDIT FOR THE MONIES PAID TO MAINTAIN THE RESIDENCE AT 159 HOWLAND WILSON ROAD.
"[7.] THE PROBATE COURT ERRED BY TERMINATING THE TRUST."
In Appellant's first assignment of error, he alleges that the probate court erred in considering evidence outside the record. Appellant refers specifically to a referenced mediation agreement. The trial court found "* * * that in the Guardianship of Doris E. Visnich, Case No. 98 GDP 0172, that on June 6, 2001, a mediation agreement signed by Michael G. Visnich and Sharon K. Kilpatrick, Guardian was filed with the Court. The Court [found] the agreement provided that Michael G. Visnich would maintain the home, mow the grass, clean the property, and make any necessary repairs. The Court [found] that the agreement further provided that Michael G. Visnich would purchase the 1986 Chevrolet van and a 1967 Chevelle for a total cost of $400.00." Appellant argues that the hearing and "* * * the entire record is devoid of any such mediation agreement."
A review of the record reveals appellant is correct. There is no mediation agreement such as the one cited by the court contained within the record. The only evidence reflective of a mediation agreement is a letter from Pamela Harris, Nursing Home Supervisor for the Trumbull County Department of Job and Family Services indicating "Michael Visnich has agreed to pay $400.00 [sic] per month to rent the house at 159 Howland-Wilson Road SE, Warren, Ohio 44484." Although this corresponds to the terms of the alleged mediation agreement, it is not the same as that referred to by the court. It is not signed by appellant or Sharon K. Kilpatrick. Furthermore, the letter does not reference any repair obligations of appellant in exchange for his residency at the subject premises.
Therefore, we agree with appellant that the probate court considered additional evidence not contained within this record and subject to our review. However, we do not agree with appellant that this constitutes reversible error. Consideration of evidence outside the record is inappropriate and can constitute reversible error. Boling v. Valecko, 9th Dist. No. 20464, 2002-Ohio-449. However, where there is ample evidence within the record to uphold the determination by the trial court, the consideration of evidence outside the record is not necessarily prejudicial. Keith v. Keith, 11th Dist. No. 1844, 1988 Ohio App. LEXIS 2308, 3. In the instant case, the evidence submitted in the form of the letter from Ms. Harris combined with the appellant's testimony, the testimony of the administrator and the testimony of the purchaser of the real estate provided ample evidence on which the probate court could have determined it was necessary to offset the rental value against appellant's share of the estate. Specifically, the administrator testified on cross-examination that he was aware of appellant's agreement to pay $400 per month rent for the premises. The administrator further testified that he had demanded this rental money from appellant's attorneys on several occasions. There were no objections to this testimony. In fact, this information was extracted on cross-examination and considerable questions were posed as to the nature of the agreement to pay the rental money.
Accordingly, there was evidence in the record sufficient to support the decision of the probate court to offset the rental value against appellant's share in the estate. Therefore, although we agree that the probate court erred in considering evidence outside the record, this error was not prejudicial.
Appellant's first assignment of error is without merit.
Appellant's second assignment of error asserts that the probate court's decision that appellant was liable for $14,400 for back rent is against the manifest weight of the evidence. Appellant points to the failure of the probate court to indicate how it calculated that $14,400 figure as evidence of the trial court's error. Appellant asserts that the record is completely devoid of any evidence to support the probate court's decision.
Appellant's third assignment of error alleges that the imputation of $400 per month as a rental value is likewise against the manifest weight of the evidence. Since appellant's second and third assignments of error both involve manifest weight of the evidence arguments, we will review them together.
"Judgments supported by some competent, credible evidence * * * will not be reversed by a reviewing court as being against the manifest weight of the evidence."
C.E. Morris Co. v. Foley Const. Co. (1978),54 Ohio St.2d 279, 280. In determining whether a lower court's decision is against the manifest weight of the evidence, an appellate court must make every reasonable inference and presumption in favor of the judgment. Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80. If the evidence is such that two interpretations are possible, the reviewing court will uphold the judgment. Id., see, also, Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 226. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id.
With respect to the $400 per month rental rate, Appellant testified he never agreed to pay $400 per month in exchange for residing at the premises located at 159 Howland Wilson Road. In contrast, the letter from Pamela Harris, Nursing Home Supervisor for the Trumbull County Department of Job and Family Services, indicated appellant agreed to pay the $400 rent. This letter was dated July 3, 2001.
Even if the letter from Ms. Harris is not used as evidence of an agreement by appellant to pay $400 per month as rent, it can still be utilized for evidentiary purposes for establishing an appropriate value assignable to the occupation of the premises.
Appellant testified that he lived in the residence from July 2002 until January 2003. Appellant also testified that during this time he made extensive repairs and paid outstanding electric and gas bills. In contrast to appellant's testimony regarding extensive repair investments, Ms. Gerchak, who eventually bought the residence, testified as to the deplorable condition of the residence when she became interested in purchasing the home in June 2004. Ms. Gerchak also testified that she saw appellant's van at the residence periodically from January 2003 until June 2004. Appellee testified that since the inception of the estate, he demanded the keys to the residence from appellant's legal counsel and never received those keys. Appellee testified that he also saw appellant's vehicle at the residence a few times in the spring and fall of 2003. In July 2004, appellee filed to evict appellant from the residence in question.
The probate court specifically found: "* * * Michael G. Visnich failed to pay the administrator rent of $400.00 [sic] per month and owes the estate the amount of $14,400.00 [sic]." Thus, the probate court charged appellant with $400 per month rent for thirty-six months. Appellant argues this three-year period is not supported by the evidence.
The trial court obviously did not find appellant's testimony convincing. Rather, the probate court concluded appellee's and Ms. Gerchak's testimony were more credible. Based on this credibility determination, together with the administrator's testimony, the court impuned rental value to appellant at the rate of $400 per month from July 2001, when appellant admits he began residing at the property, until July 2004, when appellee formally filed to evict appellant from the premises.
Based on the conflicting testimony and evidence, we must defer to the probate court's interpretation and evaluation of the witnesses and evidence. In our view, the evidence produced at trial supports the findings adopted by the trial court in setting the rent at $400 per month for thirty-six months. Therefore, the probate court's decision on this issue is not against the manifest weight of the evidence.
Appellant's second and third assignments of error are without merit.
Appellant's fourth assignment of error argues that the probate court erred in admitting appellee's exhibit three over the appellant's hearsay objections.[1] Appellant claims the letter, known as exhibit three and purportedly signed by Pamela Harris, constitutes inadmissible hearsay. According to the letter, appellant agreed to pay rent in the amount of $400 per month for the privilege to occupy the 159 Howland Wilson Road property. Appellee claims the public-records exception to the hearsay rule applies and therefore the document was properly admitted.
First, it should be noted that the admissibility of evidence is generally best determined by the trial court and absent an abuse of discretion, it will not be overturned. State v. Sage (1987),31 Ohio St.3d 173, 182. Abuse of discretion "implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable." Ruwe v. Board of Township Trustees (1987),29 Ohio St.3d 59, 61.
The public records exception to the hearsay rule provides that the following documents are admissible as evidence even when the declarant is available as a witness:
"* * * Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * *." Evid.R. 803(8).
Examples of consistently recognized public records exceptions to the hearsay rule are police reports, investigative reports and birth and death certificates. See, Baker v. Elcona Homes Corp.
(1978), 588 F.2d 551 (6th Cir.), cert. denied (1979),441 U.S. 933, see, also, Stough v. Industrial Comm'n (1944),142 Ohio St. 446, see, also, Westinghouse Elec. Corp. v. Dolly MadisonLeasing and Furniture Corp. (1975), 42 Ohio St.2d 122. However, the public records exception is not limited to these typical types of information-gathering instruments. Letters have also been accepted as proper exceptions to the hearsay rule as public records under appropriate foundation requirements. See, ErieHouse, Inc. v. Liquor Control Commission (July 21, 1994), 8th Dist. No. 65822, 1994 Ohio App. LEXIS 3212. Further, R.C. 2317.42
provides: "Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein."
Therefore, appellant's fourth assignment of error turns on two points. Is the letter from Pamela Harris a public record? And if it is a public record, does the content of the letter constitute inadmissible hearsay?
We conclude that the letter from Pamela Harris is a public record. Ms. Harris purportedly wrote the letter in her capacity as nursing home supervisor for Trumbull County Department of Job and Family Services and this letter and its contents fall under section 803(b) of the public records exception: "matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * *." In addition, the document properly qualifies as an official record made within the scope of duty. The record does not contain any evidence suggesting the document's lack of trustworthiness. It was written on departmental letterhead. It was purportedly signed by the author, Pamela Harris. Although no job description is provided for Ms. Harris as nursing home supervisor in her official capacity, it is logical to conclude that the documentation of any additional income, including rental income, would be required to be reported for the determination of assistance qualifications with the Department of Job and Family Services.
The classification of the letter as a public record does not end our inquiry. Proper authentication and foundation requirements must still be laid for public records. SeringettiConstruction Co. v. Cincinnati (1988), 51 Ohio App.3d 1. Without proper evidence of authenticity, a public document is not properly admitted. Id. at 10; see, also, Columbus v. Robbins
(1989), 61 Ohio App.3d 324. Authenticity may be proven by extrinsic evidence or through self-authentication. Evid.R. 902(1) and 902(4). The letter in question was not submitted as evidence under seal or through a certified copy, therefore, the letter was not self-authenticating and required extrinsic evidence for validation. Evid.R. 902(2) states in part: "A document purporting to bear the signature in his official capacity of an officer or employee of any entity included in paragraph (1) hereof, having no seal, if a public officer having a seal and having official duties in the district or political subdivision of the officer or employer certifies under seal that the signer has the official capacity and that the signature is genuine." The record does not evidence any testimony by Ms. Harris or any other qualified individual who may have been able to properly lay the foundation for the introduction of the letter. Therefore, the proper foundation was not laid and it was error to admit the public record.
However, we conclude this error was not prejudicial as there was evidence admitted through the cross-examination of the administrator regarding the contents of this letter. Therefore, even discarding the letter as an improperly admitted public record, there was sufficient evidence as to the contents of the letter.
Appellant's fourth assignment of error is without merit.
Appellant's fifth assignment of error asserts that the trial court's decision to charge $400 to appellant for the purchase of the 1986 Chevrolet van is against the manifest weight of the evidence.
Appellant points out that he testified during the hearing on this matter that he had previously agreed to pay $400 for both the 1986 Chevrolet van and the 1967 Chevelle; not $400 for solely the van as ordered by the trial court. Appellee concedes that the $400 should not have been offset against appellant's share of the estate. We agree. The only evidence in the record regarding the value of the van was appellant's testimony that he agreed to pay $400 for both the van and the Chevelle. Appellant further testified the last-known value of the van was approximately $150. There is no evidence in the record to suggest this $150 estimate was in error. There is no evidence in the record to suggest that the $400 price for both vehicles was not reasonable. Therefore, we agree with appellant that the $400 offset for the van only was against the manifest weight of the evidence.
Appellant's fifth assignment of error is well taken to the extent modified.
Appellant's sixth assignment of error challenges the trial court's failure to give appellant credit for the monies paid to maintain the residence at 159 Howland Wilson Road. Once again, we review this assignment of error pursuant to an abuse of discretion standard as this alleged error turns on evidentiary issues.
"In the absence of express stipulation, covenant, statute, or ordinance, the tenant's obligation is not to repair generally, but is in effect an implied agreement against voluntary waste and to return the premises to the landlord in substantially as good condition as when received, reasonable wear and tear excepted."Cincinnati Oakland Motor Co. v. Meyer (1930), 37 Ohio App. 90,93, citing 36 Corpus Juris, 128, Landlord Tenant, Section 767. In this case, there was no evidence of an agreement for repair reimbursement to the appellant as the tenant. Absent any evidence of such an agreement, we cannot agree that the failure to include the credit to appellant is reversible error.
Appellant's sixth assignment of error is without merit.
Appellant's final assignment of error questions the trial court's termination of the testamentary trust without the proper evidentiary considerations. Essentially appellant challenges the termination as based on insufficient evidence.
R.C. 2109.62. governs the termination of trusts and states:
"(A) (1) Upon the filing of a motion by a trustee with the court that has jurisdiction over the trust, upon the provision of reasonable notice to all beneficiaries who are known and in being and who have vested or contingent interests in the trust, and after holding a hearing, the court may terminate the trust, in whole or in part, if it determines that all of the following apply:
"(a) It is no longer economically feasible to continue the trust.
"(b) The termination of the trust is for the benefit of the beneficiaries.
"(c) The termination of the trust is equitable and practical.
"(d) The current value of the trust is less than one hundred thousand dollars."
The trial court found these requirements applicable to the trust in question. Appellant asserts that the record is devoid of any evidence to support these findings, specifically the findings of economic feasibility, beneficial assistance and equitable and practical considerations.
Appellee claims that the probate court simply modified the existing trust into the restricted account vehicle to accomplish the same purposes as the trust and therefore R.C. 2109.62 is not applicable. In support of his modification theory, appellee citesNewcomb v. Dredge (1957), 105 Ohio App. 417 which states: "It is the duty of a reviewing court to affirm the judgment of a lower court if it can be supported on any theory, including a theory different from that of such lower court." Id. at paragraph seven.
We do not need to determine whether the probate court's decision can be supported based on an alternate theory because that there was sufficient evidence providing the court with proper grounds to terminate the trust and support its findings that "the trust assets are less than $100,000, that it is not economically feasible to administer the trust, and that the termination of the trust is equitable, practical, and for the benefit of the beneficiary pursuant to R.C. 2109.62."
Clearly, the termination of the trust is beneficial for Deborah E. Kennedy, the beneficiary. The record is littered with communications from Ms. Kennedy indicating a lack of trust and a lack of relationship between herself and her brother, the appellant. In addition, the termination did not result in any different effect on Ms. Kennedy than the continuation of the trust. The probate court instituted the use of a restricted account vehicle wherein Ms. Kennedy was permitted to withdraw $400 per month. Any additional sums to be withdrawn required court approval. This has the same effect as the continuation of the trust without the necessary fees of administration. Therefore, the third prong of R.C. 2109.62 is met by utilizing the restricted account as a more practical and equitable way to achieve the goal of the trust. Based on these circumstances, we cannot say that the decision of the probate court to terminate the trust in this fashion was an abuse of discretion.
Appellant's seventh assignment of error is without merit.
Therefore, the first, second, third, fourth, sixth, and seventh assignments are without merit. The fifth assignment is with merit to the extent indicated. The entry of the trial court is modified to order that appellant owes the estate $150 for the 1986 Chevrolet van instead of $400 for the van alone. Thus, the judgment of the trial court is modified and affirmed as modified.
Recommendation: Modified and affirmed as modified.
Aurilio.
[1] We note that although appellant claims he objected on the basis of hearsay, the record does not reveal any specific grounds for appellant's objection to the admission of the letter as evidence. Appellant's legal counsel instead attempted to give a soliloquy regarding the timing of the letter juxtaposed to the date of the decedent's death.