[Cite as *State v. Camacho*, 2018-Ohio-2137.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | C.A. No. 16CA011004 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SAL A. CAMACHO | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 15CR092214 |

DECISION AND JOURNAL ENTRY

Dated: June 4, 2018

HENSAL, Judge.

{¶1} Sal Camacho appeals his conviction from the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} A grand jury indicted Mr. Camacho on two counts of rape and one count of gross sexual imposition. The facts underlying those charges are not relevant to this Court's disposition of the appeal. What is relevant is the fact that the police conducted a videotaped interview of the victim, which was played for the jury. Defense counsel requested to use a certified transcript of the interview during cross-examination, arguing that the video was inaudible at times. The trial court denied defense counsel's request. The jury ultimately found Mr. Camacho guilty of one count of rape, and the trial court sentenced him to life imprisonment with the possibility of parole after ten years. He now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO ALLOW DEFENSE COUNSEL TO USE CERTIFIED TRANSCRIPTS OF [AN] INAUDIBLE RECORDING.

{¶3}   In his assignment of error, Mr. Camacho argues that the trial court committed plain error when it refused to allow defense counsel to use a transcript of an allegedly inaudible recording.  He argues that the "outcome determinative nature of the trial court's denial of use of impeachment material shifts the review from abuse of discretion to plain error."  Plain error, however, is reserved for "errors or defects affecting substantial rights * * * [that] were not brought to the attention of the court."  Crim.R. 52(B).  Here, the record reflects that defense counsel raised the inaudibility issue with the trial court several times, and that the trial court denied his request to use the transcripts.  Plain error, therefore, does not apply.  Rather, this Court reviews a trial court's evidentiary ruling for an abuse of discretion. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 40.

{¶4}   In support of his assignment of error, Mr. Camacho argues that a certified transcript of a police interview is a recognized exception to the hearsay rule under Evidence Rule 803(8) and, therefore, that the trial court erred when it denied his request to use it.  Evidence Rule 803(8) excludes the following from the hearsay rule:

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * *.

"Examples of consistently recognized public records exceptions to the hearsay rule are police reports, investigative reports and birth and death certificates." *In re Estate of Visnich*, 11th Dist. Trumbull No. 2005-T-0128, 2006-Ohio-5499, ¶ 33.  We fail to see how a transcript of a police

interview with a private citizen is a record or report of a public office or agency for purposes of Evidence Rule 803(8). *See State v. Gau*, 11th Dist. Lake No. 2000-L-109, 2002-Ohio-4216, ¶ 19 ("Evid.R. 803(8)(b) does not embrace statements made by private citizens."); *State v. Hinkston*, 1st Dist. Hamilton Nos. C-140448, C-140449, 2015-Ohio-3851, ¶ 20-21 (holding that a recording of the defendant's interview with the police was not admissible under Evidence Rule 803(8) because it was not a report of the detective's observations). Additionally, Mr. Camacho has pointed this Court to no authority that indicates otherwise. *See* App.R. 16(A)(7).

{¶5} Even assuming that a transcript of a police interview falls under Evidence Rule 803(8), "hearsay statements contained within a public record are not admissible unless the statements themselves are subject to a hearsay exception." *State v. Walker*, 9th Dist. Summit No. 14012, 1989 Ohio App. LEXIS 4191, *17 (Nov. 8, 1989). Here, Mr. Camacho asserts that the victim's statements contained in the transcript were prior inconsistent statements that defense counsel was entitled to use as substantive evidence under Evidence Rule 801(D)(1)(a). We disagree.

{¶6} Under Evidence Rule 801(D)(1)(a), "there are limited circumstances in which a prior inconsistent statement is not hearsay and may be used as substantive evidence * * *." *State v. Bethel*, 110 Ohio St.3d 416, 2006-Ohio-4823, ¶ 183. "A prior inconsistent statement is not hearsay if it 'was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." *Id.*, quoting Evid.R. 801(D)(1)(a). Here, the statements were not under oath,

subject to cross-examination, or given at a proceeding.[1]  We, therefore, find that Evidence Rule 801(D)(1)(a) does not apply in this circumstance.

{¶7}    Mr. Camacho also asserts that the trial court erred by not admitting the partially inaudible recording into evidence.  He, however, has not developed any argument in support of that position.  *See* App.R. 16(A)(7).  Finally, he asserts that the trial court erred by not allowing defense counsel to cross-examine the victim on the statements contained in the videotape.  As the State points out, however, defense counsel did cross-examine the victim relative to statements he made during the police interview.  To the extent that he was precluded from asking certain questions, he has not identified what those questions were, nor has he directed this Court to any relevant portion of the record.  *See id.*

{¶8}    In light of the arguments presented, Mr. Camacho's assignment of error is overruled.

III.

{¶9}    Mr. Camacho's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

[1] Some courts interpreting the Federal Rules of Evidence have determined that a police interview is a "proceeding" for purposes of the analogous Federal Rule. *See, e.g.*, *United States v. Castro-Ayon*, 537 F.2d 1055, 1057-1058 (9th Cir.1976) (holding that, at least in some circumstances, a sworn statement given during a police-station interrogation could be admissible as substantive evidence under Fed.R.Evid. 801(d)(1)). "The Ohio Rule[, however,] differs from the federal counterpart in requiring the added element that the prior inconsistent statement under oath may be admitted under the provision *only if it were subject to cross-examination* by the party against whom the statement is now offered." (Emphasis added.)  Staff Note, Evid.R. 801(D)(1)(a); *State v. Stover*, 9th Dist. Wayne No. 13CA0035, 2014-Ohio-2572, ¶ 10, citing *Bethel* at ¶ 183 (acknowledging that the statement must be subject to cross-examination "at the time it was made"); *Castro-Ayon* at 1057 (noting that the Federal Rule does not require the prior statement to be subject to cross-examination).  Here, there can be no dispute that the victim was not subject to cross-examination at the time he made a voluntary statement to the police.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.


APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICHOLAS A. BONAMINIO, Assistant Prosecuting Attorney, for Appellee.