DECISION.
{¶ 1} Appellant James Crosset appeals from the entry of summary judgment by the Hamilton County Court of Common Pleas in favor of defendants-appellees Casey Marquette, James Beiting, and Sara Jacobs. Crosset also challenges the denial of his motion to amend his complaint. We affirm.
 FACTS {¶ 2} Crosset and Jacobs were divorced in 2000 after approximately ten years of marriage. Two children, Eden and Liela, were born during the marriage. Crosset and Jacobs shared parenting. Crosset had a scheduled visitation with his daughters on the evening of July 1, 2003. He returned the girls to Jacobs's residence the same evening. The following morning, Eden reported to Jacobs that Crosset had struck her above the eye while driving in the city of Madeira in Hamilton County, en route to Crosset's residence. Jacobs maintained that she had observed a red mark above Eden's eye.
 Jacobs Contacts Officer Marquette {¶ 3} Jacobs reported the incident to appellee Casey Marquette, a Madeira police officer. Jacobs agreed to allow Marquette to interview Eden shortly thereafter. During the interview, Eden told Marquette that Crosset had become angry at her and had struck her above the eye because she did not want to attend a church concert that evening. Marquette saw no evidence of a red mark above Eden's eye. Marquette made an audio recording of his interview with Eden, and Crosset's appellate counsel has requested that we review it. But after a diligent search of the record, it is apparent that the tape has not been transmitted for our review.
 {¶ 4} After interviewing Eden, Marquette initiated a domestic-violence charge against Crosset.[1] Marquette telephoned Crosset and informed him that there was a warrant for his arrest. Crosset surrendered to the Madeira police department, spent the night in jail, and was released on bond the next day. Crosset denied and continues to deny that he struck Eden. He contended that Sara had fabricated the allegation of abuse to interfere with his parenting rights and to alienate his children. The criminal charge was ultimately dismissed at the request of an assistant Hamilton County prosecutor because, in her opinion, even if the allegations against James were true, his conduct constituted legitimate parental discipline, not domestic violence.
 Court-Ordered Assessment by Social Worker Beiting {¶ 5} Jacobs next filed an emergency motion with the domestic relations court to terminate Crosset's parenting rights. On July 8, 2003, that court suspended Crosset's parenting time and ordered a full hearing on Jacobs's emergency motion. The court also ordered Crosset to complete an anger-management assessment. That assessment was conducted at the request of the court by appellee James Beiting, a licensed social worker with the Y.W.C.A.'s Amend Program.
 {¶ 6} Prior to the assessment interview, Crosset executed a release in which he authorized Beiting to give copies of his report to Jacobs and to the court. After receiving Beiting's report, Jacobs sent copies of it to James's friends and to members of his church. Crosset testified that some of those persons had appeared to turn against him after receiving Beiting's report.
 Crosset Files Suit {¶ 7} On June 30, 2004, Crosset initiated a lawsuit naming Marquette, Jacobs, and Beiting as defendants. He asserted claims against Marquette for false arrest, malicious prosecution, and a deprivation of rights under Section 1983, Title 42, U.S. Code. As to Jacobs, Crosset alleged that she had encouraged and caused Marquette to falsely arrest and to maliciously prosecute him. Crosset sued Beiting for defamation.
 {¶ 8} Following a period of discovery during which time all parties were deposed, each of the defendants moved for summary judgment. Crosset opposed the motions and, on December 12, 2005, also moved to amend his complaint to add a claim for defamation against Jacobs. The trial court denied Crosset's motion and ruled in favor of all three defendants. In three assignments of error, Crosset now contends that the trial court erred in entering summary judgment in favor of the defendants and in denying his motion for leave to amend his complaint.
 ANALYSIS {¶ 9} We review the granting of summary judgment de novo.[2] The defendants were entitled to summary judgment only if (1) there was no genuine issue of material fact; (2) they were entitled to judgment as a matter of law; and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence most strongly in favor of Crosset, and that conclusion was adverse to him.[3]
 The Claims against Marquette {¶ 10} In his first assignment of error, Crosset argues that the trial court erred by granting summary judgment in favor of Marquette. We are not persuaded.
 {¶ 11} As noted above, Crosset asserted claims against Marquette for false arrest, malicious prosecution, and civil-rights violations. Crosset has only briefed and argued the latter two claims, thereby waiving any error concerning the false-arrest claim. But even if the error had not been waived, because we conclude that Marquette had acted with probable cause in pursuing the charge against Crosset, the false-arrest claim would have failed in any event.[4]
 Malicious Prosecution {¶ 12} The elements of malicious criminal prosecution are as follows: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the defendant.[5] In this case, while it is not disputed that the prosecution was terminated in Crosset's favor, the evidence adduced below demonstrated that Marquette had acted without malice and with probable cause.
 {¶ 13} An inference of malice arises from the institution and continuation of a prosecution without probable cause.[6] The determination of whether a criminal prosecution was initiated without probable cause requires an inquiry into the facts and circumstances that were actually known or should have been known by the defendant at the time that he initiated the charge against the plaintiff[7] There is no probable cause if the defendant had instituted or continued the prosecution without a reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant a cautious person to believe that the accused was guilty of the charged offense.[8]
 {¶ 14} Viewing the evidence and all reasonable inferences in a light most favorable to Crosset, we are convinced that Marquette had probable cause to arrest Crosset and that he did not act with malice. Crosset was charged under R.C. 2919.25(A). R.C. 2919.25(A) provides that no person shall cause or attempt to cause physical harm to a family or household member. A family member includes an offender's child.[9] Marquette did not institute the charge at issue when Jacobs first reported the alleged events of July 1, 2003, to him. Instead, he waited until he had personally interviewed Eden, during which time she maintained that Crosset had become angry at her and that he had struck her above the eye. And while James claims that there was an issue of fact as to whether Marquette had presented "false evidence" to obtain the arrest warrant, the record demonstrates that Marquette's decision to institute a charge against Crosset was based upon the circumstances known to Marquette at the time. This argument has no merit.
 The Section 1983 Claim
We also hold that the trial court correctly entered summary judgment in favor Marquette on the Section 1983 claim. To maintain such a claim, "two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."[10] Here, Crosset alleged that Marquette, while acting under color of law, had violated his Fourth Amendment rights when he arrested him without probable cause. He also claimed that Marquette had violated his due-process rights by "presenting false evidence" to obtain a warrant against him. Since we have already determined that Crosset's arrest was valid, these claims fail as well.
 The Claims against Jacobs and Crosset's Motion to Amend {¶ 15} For purposes of continuity, we next address Crosset's third assignment of error, in which he contends that the trial court erred by granting summary judgment in favor of Jacobs on his claim for malicious prosecution and by denying his motion to amend his complaint to include a defamation claim against her. We disagree.
 {¶ 16} It was uncontroverted that Marquette had initiated the criminal charge against Crosset and that it was Marquette — not Jacobs — who had arrested him. Further, Marquette filed the charge based upon his interview with Eden, not based on Jacobs's statement to him. Accordingly, Jacobs was entitled to judgment as a matter of law on this claim.[11]
 {¶ 17} We also find no error in the trial court's denial of Crosset's motion to amend. We review this ruling under an abuse-of-discretion standard.[12]
 {¶ 18} As discussed earlier, on December 12, 2005, Crosset moved to amend his complaint to include a defamation claim against Jacobs. This filing was made 18 months after he had filed his original complaint, the period for discovery had closed, and defendants' motions for summary judgment had been pending for nearly two months. Under these circumstances, we hold that the trial court did not abuse its discretion in denying Crosset's motion to amend. The third assignment of error is overruled.
 The Claim against Beiting {¶ 19} In his second assignment of error, Crosset contends that the trial court erred by granting summary judgment in favor of Beiting. The assignment is without merit.
 {¶ 20} We find the case of McCleery v. Leach[13] to be compelling and dispositive of the issue presented. In McCleery, the defendant had been ordered to conduct a psychological evaluation of the plaintiff to assist the domestic relations court in determining the allocation of parental rights and responsibilities.[14] The McCleery court determined that, under such a directive, defendant "was acting as an arm of the court and only carrying out a duty imposed upon him by the court order, regardless of whether the duty was to produce an evaluation or to testify. In other words, [defendant] `performed a function integral to the judicial process. As arms of the court, [defendant is] entitled to the absolute immunity given to judges and other judicial officials.'"[15] The McCleery court reasoned that if court-appointed psychologists were subject to suit, they would be less willing to serve or their objectivity might be adversely affected.[16]
 {¶ 21} In this case, Beiting was appointed by the domestic relations court to assess Crosset's ability to manage his anger and thereby to assist the court in determining Crosset's parental rights. Because Beiting was acting as an arm of the court, he was immune from Crosset's suit. Crosset's second assignment of error is overruled.
 CONCLUSION {¶ 22} In sum, we hold that the trial court correctly entered summary judgment in favor of Marquette, Jacobs, and Beiting, and that it did not abuse its discretion in denying Crosset's motion to amend his complaint. The judgment of the trial court is, therefore, affirmed.
Judgment affirmed.
SUNDERMANN and WINLKER, JJ., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See R.C. 2919.25.
[2] Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[3] Id.; Grafton v. Ohio Edison Co. 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[4] Evans v. Smith (1994), 97 Ohio App.3d 59, 70, 646 N.E.2d 217.
[5] Rogers v. Barbera (1960), 170 Ohio St. 241, 164 N.E.2d 162, paragraph one of the syllabus.
[6] Smith, supra, at 69, 646 N.E.2d 217.
[7] McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613,616-617, 607 N.E.2d 936, citing Melanowski v. Judy (1921),102 Ohio St. 153, 131 N.E. 360, paragraph two of the syllabus.
[8] Huber v. O'Neill (1981), 66 Ohio St.2d 28, 30, 419 N.E.2d 10.
[9] R.C. 2919.25(F)(1)(a)(ii).
[10] 1946 St. Clair Corp. v. Cleveland (1990), 49 Ohio St.3d 33, 34,550 N.E.2d 456, citing Parratt v. Taylor (1981), 451 U.S. 527, 535,101 S.Ct. 1908, overruled in part on other grounds in Daniels v.Williams (1986), 474 U.S. 327, 106 S.Ct. 662.
[11] See Archer v. Cachat (1956), 165 Ohio St. 286,135 N.E.2d 404.
[12] Wilmington Steel Products, Inc. v. Cleveland ElectricIlluminating Co. (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622;Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 297 N.E.2d 113
[13] 11th Dist. No. 2001-L-195, 2003-Ohio-1875.
[14] Id at ¶ 43
[15] Id at ¶ 44, citing Seible v. Kemble (1981), 63 Haw. 516,631 P.2d 173.
[16] Id. at ¶ 42.