[Cite as *Wicks v. Lover's Lane Market*, 2022-Ohio-2652.]

STATE OF OHIO      )  
               )ss:  
COUNTY OF SUMMIT     )

IN THE COURT OF APPEALS  
NINTH JUDICIAL DISTRICT

RONDA WICKS, Administrator of Estate of  
Paris D. Wicks, II, etc.

    Appellant

    v.

LOVER'S LANE MARKET, et al.

    Appellee

C.A. No.     30019

APPEAL FROM JUDGMENT  
ENTERED IN THE  
COURT OF COMMON PLEAS  
COUNTY OF SUMMIT, OHIO  
CASE No.    CV-2015-08-4200

DECISION AND JOURNAL ENTRY

Dated: August 3, 2022

CARR, Judge.

{¶1}    Plaintiff-Appellant Ronda Wicks, as Administrator of the Estate of Paris D. Wicks, II and on behalf of the surviving parents and siblings of the Deceased ("Ms. Wicks"), appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.

I.

{¶2}    As stated in the prior appeal:

[On August 29, 2013, a] group of men attacked and killed Paris Wicks outside of [Defendant-Appellee] Lover's Lane Market [("the Market")]. Ms. Wicks * * * sued the Market, two of its employees, and the men who committed the attack, alleging wrongful death, gross negligence, and multiple theories of negligence. Owners Insurance Company intervened and filed a complaint seeking a declaration that it has no duty to defend or indemnify the Market. After the men who committed the attack failed to answer, the trial court granted Ms. Wicks a default judgment against them.

Owners moved for summary judgment on its complaint, which the trial court granted in part and denied in part. The Market moved for summary judgment on Ms. Wicks's claims, which the trial court granted. After the court determined the

amount of damages owed by the attackers, it dismissed Owners' complaint as moot, and entered final judgment.

*Wicks v. Lover's Lane Market*, 9th Dist. Summit No. 28925, 2019-Ohio-2614, ¶ 2-3.

**{¶3}** Ms. Wicks appealed, raising three assignments for review. *Id.* at ¶ 3. This Court "conclude[d] that the trial court incorrectly granted summary judgment to the Market on Ms. Wicks's gross negligence, negligence per se, and respondeat superior claims." *Id.* at ¶ 7. This Court affirmed the trial court's judgment with respect to the remainder of the appeal. *Id.* at ¶ 13-14.

**{¶4}** Upon remand, the Market again filed for summary judgment. Ms. Wicks opposed the motion and submitted evidence in support, including police reports and a summary log of the surveillance video that was also submitted. Inter alia, the parties disputed the extent of this Court's remand and the effect of this Court's prior decision. The Market also filed a motion to strike portions of Ms. Wicks's summary judgment evidence, including the police reports and summary log. Ultimately, the trial court granted the Market's motion to strike and the motion for summary judgment.

**{¶5}** Ms. Wicks has appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN STRIKING THE POLICE REPORTS AND VIDEO SURVEILLANCE LOG.

**{¶6}** Ms. Wicks argues in her first assignment of error that the trial court erred in striking the police reports and video surveillance log.

**{¶7}** This Court applies an abuse of discretion standard in reviewing a trial court's determination regarding a motion to strike. *Waller v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-

2146, ¶ 17 (9th Dist.). An abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} Ms. Wicks first argues that the trial court erred in striking the 33 police reports in their entirety.

{¶9} "Civ.R. 56(C) sets forth an exclusive list of the evidentiary materials a court may consider when determining how to rule on a motion for summary judgment. Specifically, the court may consider 'the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact.'" *Wallner* at ¶ 18, quoting Civ.R. 56(C). "However, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is accompanied by a personal certification that [it is] genuine or [is] incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E)." (Internal quotations and citation omitted.). *Wallner* at ¶ 18.

{¶10} Here, Ms. Wicks submitted the affidavit of the records custodian for the Akron Police Department authenticating the police reports as true and accurate copies of police reports kept in the ordinary course of business by the Akron Police Department. While the trial court concluded there was no indication in the affidavit that the records custodian had personal knowledge of the incidents in the police reports, we fail to see why the same would be necessary under the facts of this case. Civ.R. 56(E) provides in relevant part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and *shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.*" (Emphasis added.)

{¶11} In addition, the trial court concluded that the reports were not admissible for purposes of summary judgment because they contained hearsay.

**{¶12}** Evid.R. 803(8) states that the following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.

**{¶13}** "Examples of consistently recognized public records exceptions to the hearsay rule are police reports, investigative reports and birth and death certificates." *State v. Camacho,* 9th Dist. Lorain No. 16CA011004, 2018-Ohio-2137, ¶ 4, quoting *In re Estate of Visnich,* 11th Dist. Trumbull No. 2005-T-0128, 2006-Ohio-5499, ¶ 33. "Portions of a police report which contain matters personally observed by a police officer are admissible in evidence." *State v. Stallings*, 9th Dist. Summit No. 16437, 1994 WL 362108, *7 (July 13, 1994). "Observations must be firsthand observations." *Id.* "Declarations in a police report that do not stem from firsthand observation are not admissible." *Id.* "Police reports admitted to prove the truth of the allegations they contain are inadmissible hearsay." *Id.*

**{¶14}** Here, the trial court made no effort to determine which parts, if any, of the 33 police reports were admissible under the standard above. Instead, the trial court concluded that, because some of the information in the reports was hearsay statements collected from interviews, the police reports were inadmissible. We conclude that doing so constituted an abuse of discretion. Upon remand, the trial court must review the police reports to determine which portions constitute admissible evidence.

**{¶15}** Ms. Wicks next argues that the trial court erred in striking the summary log for the surveillance video. Ms. Wicks argues that the summary log should have been admissible as a summary pursuant to Evid.R. 1006.

{¶16}  Evid.R. 1006 provides that "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation.  The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place.  The court may order that they be produced in court."

{¶17}  The trial court found that the summary log was "replete with speculative, embellishing phrases" which went "well beyond the purpose of providing a succinct summary of the videos" and instead sought "to impose [the] argument of counsel under the guise of Civil Rule 56(C) evidence."  After reviewing the log, we cannot say that the trial court's assessment is unreasonable.  *See State v. Searfoss*, 6th Dist. Wood Nos. WD-18-005, WD-18-007, WD-18-008, 2019-Ohio-4619, ¶ 133-135; *see also United States v. Bray,* 139 F.3d 1104, 1110 (6th Cir.1998) ("[R]easonably enough, a summary document must be accurate and nonprejudicial.  This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a nonmisleading manner.") (Internal quotations and citation omitted.).  Nonetheless, we conclude that instead of striking the entire log, the trial court should have struck the argumentative portions or given Ms. Wicks the opportunity to submit a version which omitted any problematic commentary.

{¶18}  Ms. Wicks's first assignment of error is sustained.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN LIMITING THE SCOPE OF THE REMAND FROM THIS COURT.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED BY RULING THAT WICKS HAD FAILED TO APPEAL THE TRIAL COURT'S PRIOR NEGLIGENCE RULING AND BY DECLINING TO CONSIDER WICKS'S PRESENTATION OF EVIDENCE ON

THE PREMISE THAT ANY CLAIMS IN THE INSTANT APPEAL AS TO NEGLIGENCE WERE RES JUDICATA.

{¶19} Ms. Wicks argues in her second assignment of error that the trial court erred in limiting the scope of the remand to the gross negligence, negligence per se, and respondeat superior claims only as to allegations related to the sale of alcohol to a minor. She asserts in her third assignment of error that the trial court erred in concluding that she did not appeal the negligence claim and in applying res judicata to bar any consideration of the duty element as it relates to the remaining claims.

{¶20} In this Court's prior decision, we stated:

> In its motion for summary judgment, the Market argued that it did not owe Mr. Wicks a duty to warn and protect him against criminal conduct because the conduct was not foreseeable. It argued that, in the absence of a legal duty, Ms. Wicks's negligence, survivorship, and wrongful death claims failed as a matter of law. It further argued that the loss of consortium claim failed because there were no individually named plaintiffs and because Mr. Wicks was an emancipated adult. It did not make an argument, however, as to Ms. Wicks's claims that the Market committed gross negligence and negligence per se because it allowed a juvenile to purchase and consume alcohol, resulting in Mr. Wicks's death. It also did not make an argument regarding Ms. Wicks's respondeat superior claim. Accordingly, upon review of the record, we conclude that the trial court incorrectly granted summary judgment to the Market on Ms. Wicks's gross negligence, negligence per se, and respondeat superior claims.

*Wicks*, 2019-Ohio-2614, at ¶ 7.

{¶21} This Court acknowledges that the language it used could be viewed as limiting and possibly confusing to the parties and trial court. However, the last sentence states that the trial court erred in granting summary judgment on those three claims, not a portion of the claims. *Id.* Further, we note the Market filed a motion for reconsideration asserting that it had made an argument concerning the gross negligence, negligence per se, and respondeat superior claims in its prior brief and we denied the application in its entirety. *See Wicks v. Lover's Lane Market,* 9th Dist. Summit No. 28925 (Sept. 3, 2019).

**{¶22}** We conclude that this Court did not limit its remand to only issues related to the sale and consumption of alcohol by a minor. Thus, we agree the trial court erred to the extent the trial court concluded otherwise. Ms. Wicks's second assignment of error is sustained.

**{¶23}** Ms. Wicks maintains in her third assignment of error that the trial court erred in concluding that she did not appeal her negligence claim and in citing res judicata as a basis to not review evidence related to her negligence claim or to the issue of duty as it relates to the other claims that were remanded.

**{¶24}** Ms. Wicks's third assignment of error requires this Court to examine the concepts of both res judicata and law of the case. "It has long been held that the legal doctrine of res judicata consists of two related concepts—claim preclusion and issue preclusion." *Fort Frye Teachers Assn, OEA/NEA v. State Employment Relations Bd.*, 81 Ohio St.3d 392, 395 (1998), citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381 (1995). "[T]he claim preclusion concept holds that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Fort Frye Teachers Assn, OEA,NEA* at 395. "The doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Id.* It appears that the Market and the trial court believed issue preclusion applied to bar Ms. Wicks from relitigating the element of duty. Here, there is no "previous" or "subsequent" action[.]" *See id.* Accordingly, we fail to see how the elements of res judicata were satisfied. *See State ex rel. Lowery v. McArver*, 10th Dist. Franklin

No. 09AP-313, 2009-Ohio-6844, ¶ 10. Thus, the trial court erred in concluding that res judicata barred consideration of evidence related to the element of duty as it related to the remanded claims.

{¶25} As to Ms. Wicks's general negligence claim, irrespective of whether she specifically challenged it in the prior appeal, this Court did not remand the negligence claim for further consideration by the trial court. *See Wicks*, 2019-Ohio-2614, at ¶ 7, 13-14. "Application of the doctrine [of law of the case] limits the ability of a trial court to rule in a way that is inconsistent with a decision of a reviewing court in the same case, and 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.'" *Allen v. Bennett*, 9th Dist. Summit No. 24124, 2008-Ohio-4554, ¶ 9, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984). "The doctrine also limits the actions that a trial court may take on remand to the scope of the reviewing court's mandate and places a corresponding limitation on the ability of an appellant to assert error in subsequent appeals." *Allen* at ¶ 9. Accordingly, as this Court did not remand the negligence claim for further consideration by the trial court, the trial court was without authority to reconsider it.

{¶26} Ms. Wicks's third assignment of error is sustained in part and overruled in part.

III.

{¶27} Ms. Wicks's first and second assignments of error are sustained. Her third assignment of error is sustained in part and overruled in part. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded for proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

KENNETH D. MYERS, Attorney at Law, for Appellant.

MARK A. GREER and RICHARD C.O. REZIE, Attorneys at Law, for Appellee.